UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARIA GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. CV 16-9585-PSG (PLA)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

## I.

## INTRODUCTION

On December 27, 2017, the United States Magistrate Judge issued a Report and Recommendation ("R&R") in this action, recommending that the Commissioner's denial of benefits be reversed and the action remanded to defendant. (ECF No. 22). On January 10, 2018, defendant filed her "Objections to Magistrate Judge's Report and Recommendations" ("Objections" or "Obj."). (ECF No. 23).

/

/

/

## II.

## DISCUSSION

Defendant raises several objections to the Magistrate Judge's findings in the R&R.

First, defendant argues that the Appeals Council "clearly and properly rejected the new information" submitted to it by plaintiff because it found that the "new information is about a later time." (Obj. at 3 (citing AR at 2)). She argues that evidence proffered to the Appeals Council has to "say something" about plaintiff's impairments "as they existed and impacted Plaintiff during the time up to and including the ALJ's decision," and "there was no reasonable probability that the new evidence would change the outcome of that decision"[1] because the records were about a later time. (Id. at 3-4 (citations omitted)). She notes that evidence that shows changes or worsening in a claimant's condition after the ALJ's decision "drives a subsequent application for benefits" and may result in reopening of a prior decision, but does not mean that "the ALJ's original decision, or the Appeals Council's actions were wrong at the time of the ALJ's decision." (Id. at 4).

Defendant takes exception with the Magistrate Judge's assumption that defendant "acknowledged that the evidence should have been considered," and asserts that her discussion of the evidence "was simply to dispel any notion that the evidence was new or material to the ALJ's December 2015 decision." (Obj. at 4 (citations omitted)). She notes that although in the new evidence Dr. Badr observed plaintiff "with a positive Hoffman sign and slightly spastic gait, . . . at the time of the decision[] Plaintiff had a negative Hoffman sign and her gait was normal." (Id. (citing AR at 28, 307-08)). The problem with defendant's position, however, is that the November 20, 2013, treatment record cited to by defendant (AR at 307), and relied on by the ALJ

---

[1] The Court notes that because the Appeals Council did not make the evidence part of the Administrative Record, defendant's suggestions that the submitted evidence must have had nothing to say about plaintiff's impairments as they existed at the time of the ALJ's decision, and that there was "no reasonable probability" that new evidence would change the outcome of the decision, are speculative at best.

2

for the same proposition[2] (AR at 28), actually reflects that plaintiff had a *positive* Hoffman's sign with respect to her left upper extremity. Thus, contrary to the ALJ's finding, the new evidence actually provides *support* for the November 20, 2013, record and plaintiff's complaints regarding her chronic neck pain.[3]

Next, defendant also takes exception with the Magistrate Judge's "assumption that it was reasonable to assume Plaintiff's Exhibit 5 (Dr. Dardashti's April 2, 2016 MRI findings), though not mentioned by the Appeals Council, was among the documents submitted for review to the Appeals Council." (Id. at 5; see also R&R at 8 n.6). Defendant argues that because the Appeals Council letter described the records reviewed and Dr. Dardashti's April 2, 2016, MRI findings were not specifically mentioned, "the fact cannot be established as reasonable or otherwise, and therefore the assumption is faulty." (Id.). Defendant does not provide any further argument as to the effect of this "assumption" on the Magistrate Judge's findings and recommendations. The Court finds that, in any event, this assumption was not necessary to the Magistrate Judge's findings and conclusions because Dr. Dardashti's MRI report was itself discussed by Dr. Chen in his report recommending cervical surgery -- evidence the Appeals Council *did* receive from plaintiff. (MSJ Ex. 6; AR at 2 (Appeals Council decision reflecting that it had received medical evidence dated April 8, 2016, from Dr. Chen)).

Finally, defendant asserts that the Magistrate Judge "did not specifically address arguments regarding the ALJ's determination of Plaintiff's subjective complaints or whether

---

[2] Not only did the ALJ incorrectly report that plaintiff's Hoffman sign test result was negative, but she also seems to have discussed it in connection with plaintiff's low back pain when, in fact, the test was done in connection with a physical examination of plaintiff's *cervical* spine. (See AR at 307 ("PE [physical examination] - C-spine")).

[3] The Court also notes that plaintiff's Exhibit 1, submitted by plaintiff with her Motion for Summary Judgment, consists of a report interpreting an October 28, *2006*, cervical spine MRI, that reflected the following: "Multilevel cervical discogenic disease most evident at the C4-5 through C6-7 levels. While there is no direct cord impingement on the left side at C5-6, the disc/osteophyte is asymmetric to the left and toward the left neural foramen. At C6-7 this is more evident to the right of midline as detailed. This is also more evident to the right of midline at C4-5. Correlate[s] clinically with regards to patient's symptomatology." This report lends support to plaintiff's complaints of chronic neck pain, but was not part of the Administrative Record.

Plaintiff met or equaled a Listing, and simply ordered the Agency to re-evaluate these issues upon remand." (Obj. at 6). Defendant asserts that "the ALJ's findings as to these issues are supported by substantial evidence; reflect proper legal standards, and should be upheld." (Id. (citations omitted)). However, because the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge, on remand the ALJ shall re-evaluate these issues as warranted.

## III.
## CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the other records on file herein, the Magistrate Judge's Report and Recommendation, and defendant's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Plaintiff's Motion for Summary Judgment is granted and the decision of the ALJ is reversed and remanded for further proceedings.
3. Defendant's Cross-Motion for Summary Judgment is denied.
4. Judgment shall be entered consistent with this Order.
5. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: 3/12/18

HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE